**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 7, 2016

LETTER TO COUNSEL

RE:  *Todd Fahringer v. Commissioner, Social Security Administration*;
Civil No. SAG-15-3797

Dear Counsel:

On December 14, 2015, Plaintiff Todd Fahringer petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, as well as Mr. Fahringer's reply. (ECF Nos. 15, 20, 21). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Fahringer filed a claim for Disability Insurance Benefits ("DIB") on July 10, 2012. (Tr. 139-40). He alleged a disability onset date of July 28, 2010. *Id.* His claim was denied initially and on reconsideration. (Tr. 79-86, 88-96). A hearing was held on June 24, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 28-78). Following the hearing, the ALJ determined that Mr. Fahringer was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9-27). The Appeals Council denied Mr. Fahringer's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Fahringer suffered from the severe impairments of "obesity, degenerative disc disease status/post fall through a barn loft floor, chest wall hernia, and chronic obstructive pulmonary disease (COPD)." (Tr. 15). Despite these impairments, the ALJ determined that Mr. Fahringer retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except he can perform all postural activities occasionally, but there should be no climbing of a ladder, rope, or scaffold. Additionally, he should avoid concentrated exposure to temperature extremes, odors, dusts, gases, poor ventilation, fumes, vibration, and hazards (heights and moving machinery).

*Todd Fahringer  v. Commissioner, Social Security Administration*
Civil No. SAG-15-3797
November 7, 2016

(Tr. 16).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Fahringer could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled.  (Tr. 22-23).

Mr. Fahringer raises three primary arguments on appeal:  (1) that the ALJ assigned inadequate weight to the opinions of the treating physicians, Drs. Hsu and Aaron; (2) that the ALJ erred in evaluating his credibility; and (3) that the ALJ erroneously assessed his RFC.  I conclude that the ALJ erroneously assessed Mr. Fahringer's RFC.  Remand is therefore appropriate. In so holding, I express no opinion regarding whether the ALJ's ultimate conclusion that Mr. Fahringer is not disabled is correct or incorrect.

Beginning with the unsuccessful arguments, Mr. Fahringer first argues that the ALJ assigned inadequate weight to the opinion of his treating physicians, Drs. Hsu and Aaron.  Pl. Mot. 5-21; Pl. Rep. 1-3.  A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record.  *See Craig*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. § 404.1527(d)(2).  However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight.  *Craig*, 76 F.3d at 590.  If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6).  The ALJ must also consider, and is entitled to rely on, opinions from non-treating doctors.  *See* SSR 96-6p, at *3 ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

Contrary to Mr. Fahringer's assertion, the ALJ properly evaluated the opinions of Drs. Hsu and Aaron. Beginning with the former, Dr. Hsu opined that Mr. Fahringer's "pain is severe and interferes with his ability to concentrate on job tasks, sleep, and activities of daily living." (Tr. 19). Additionally, Dr. Hsu opined that Mr. Fahringer "can sit up to 2 hours, stand up to 2 hours, and walk less than an hour in an 8-hour work day," as well as "frequently lift and carry 5 pounds and occasionally lift and carry 10 pounds," and "occasionally reach above shoulder level, but cannot do any bending, squatting, crawling, stooping, or climbing." (Tr. 20). Moreover, Dr. Hsu opined that Mr. Fahringer "is moderately limited in his ability to drive automotive equipment and should not be exposed to unprotected heights, moving machinery, marked changes in temperature and humidity, and dust, fumes, and gases." *Id.* Accordingly, the ALJ assigned "some weight" to Dr. Hsu's opinion on Mr. Fahringer's pain and concentration, (Tr. 19), "little weight" to his opinion on Mr. Fahringer's physical limitations,[1] (Tr. 20), and "[g]reat weight…to the remainder of the opinion," *id.*

---

[1] Specifically, the ALJ assigned "little weight to the sitting, standing, walking, lifting, bending, squatting, crawling, and stooping limitations." (Tr. 20).

*Todd Fahringer v. Commissioner, Social Security Administration*
Civil No. SAG-15-3797
November 7, 2016

      The ALJ assigned "some weight" and "little weight" to portions of Dr. Hsu's opinion because they were inconsistent with the medical evidence and unsupported by the objective record.[2] (Tr. 19-20). Regarding Dr. Hsu's opinion as to Mr. Fahringer's pain and concentration, the ALJ found that "the evidence indicates that pain does not interfere with [Mr. Fahringer's] ability to perform activities of daily living." (Tr. 19). The ALJ also cited medical records indicating that Mr. Fahringer's symptoms are "seldom" severe enough to interfere with attention and concentration, (Tr. 19, 604). Moreover, substantial evidence elsewhere in the record, including the fact that Mr. Fahringer "did not seem to be in pain…at any time during the hearing," (Tr. 19), had "no perceivable memory or concentration problems," *id.*, and had "partially relieved" his pain with medication, (Tr. 19, 597-633), further belies Dr. Hsu's opinion. Regarding Dr. Hsu's opinion as to Mr. Fahringer's physical limitations, the ALJ found that "the evidence of record, including mild objective test findings and normal physical examination findings, suggest that [Mr. Fahringer] is not as limited as Dr. Hsu opined." (Tr. 20), *see* (Tr. 19, 199-413, 459-90, 570-96, 630-33, 654-69, 693-97). Most significantly, the ALJ noted that multiple medical consultants contradicted Dr. Hsu's opinion and found that Mr. Fahringer's physical limitations were not disabling. (Tr. 21, 79-86, 88-96, 698-705). For example, Dr. Kennedy, the consultative examiner, opined that "[Mr. Fahringer] can sit for a total of 8 hours, stand for a total of 6 hours, and walk for a total of 8 hours in an 8-hour work day," and further opined that he "can continuously climb stairs and ramps, balance, stoop, and kneel, frequently crouch, and occasionally climb ladders or scaffolds and crawl." (Tr. 21, 698-705). In addition, the medical consultant at the initial level "opined that [Mr. Fahringer] can perform work at the medium exertional level and can perform all postural activities frequently, except for climbing ladders, ropes, and scaffolds, which he can only do occasionally." (Tr. 21, 79-86). Moreover, the State medical consultant at the reconsideration level affirmed the opinion.[3] (Tr. 21, 88-96). Accordingly, the ALJ found that the "medical evidence of record establishes that [Mr. Fahringer] is limited by the combined effects of his physical impairments, but not to the degree alleged." (Tr. 21). These inconsistencies, in addition to others cited by the ALJ, provide sufficient justification for the ALJ's decision to accord less weight to the aforementioned portions of Dr. Hsu's opinion.

      The ALJ also properly evaluated Dr. Aaron's opinion. Notably, Dr. Aaron opined that Mr. Fahringer "can sit for 1 hours (sic), stand for 2 hours, and walk for 1 hour in an 8 hour work

---

[2] Mr. Fahringer also contends that the ALJ's assignment of "some weight" to various medical opinions in the record "is not sufficiently specific and makes meaningful judicial review of the ALJ's decision impossible." Pl. Rep. 2; *see* Pl. Mot. 12-13. As the Commissioner correctly notes, an assignment of "some weight" is well-established in this Court. *See, e.g., Summers v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3456, 2016 WL 5947253 (D. Md. Oct. 13, 2016); *Bradshaw v. Comm'r, Soc. Sec. Admin.*, No. CIV. SAG-12-929, 2013 WL 3147153 (D. Md. June 18, 2013); *Linger v. Astrue*, No. CIV. A. JKB-09-2260, 2010 WL 2560055 (D. Md. June 18, 2010). Indeed, SSR 96-2p only requires that, when an ALJ denies benefits, the decision "must be sufficiently specific to make clear to any subsequent reviewers why the ALJ accorded the treating physician the given weight." SSR 96-2P, at *5 (S.S.A. July 2, 1996). Here, as noted above, the ALJ's reasoning for according "some weight" to portions of Dr. Hsu's opinion is sufficiently specific, allowing the Court to conclude that the ALJ partially credited the opinion and properly applied the relevant legal standards of the treating physician rule.

[3] I note, however, that the ALJ assigned only "some weight" to these opinions because she concluded that, "based upon the medical evidence…[Mr. Fahringer] is more limited than the medical consultants opined." (Tr. 21).

day," as well as "occasionally squat, crawl, and reach above shoulder length and never bend, climb, or stoop." (Tr. 20). Additionally, Dr. Aaron opined that Mr. Fahringer "is restricted from exposure to dust, fumes and gases, but not to heights, moving machinery, marked changes in temperature of humidity, or moving automotive equipment." (Tr. 21, 597-629). Moreover, he opined that Mr. Fahringer's "pain interferes with his ability to concentrate on job tasks, but not his activities of daily living," (Tr. 20, 597-629), and that he "is a trained mechanic and would not be able to return to work in that capacity," (Tr. 21, 597-629, 634-53). Accordingly, the ALJ assigned "little weight" to Dr. Aaron's opinion on Mr. Fahringer's physical limitations,[4] (Tr. 20), "little weight" to the restriction on "dust, fumes and gases," (Tr. 21), and "[g]reat weight…to the remainder of the opinion," (Tr. 20).

The ALJ assigned "little weight" to portions of Dr. Aaron's opinion because they were inconsistent with the medical evidence and unsupported by the objective record. (Tr. 20-21). Regarding Mr. Fahringer's physical limitations, the ALJ discredited Dr. Aaron's findings and cited, as noted above, "mild objective test findings and essentially normal physical examination findings." (Tr. 20). Regarding Mr. Fahringer's exposure restrictions, the ALJ noted "normal chest and lung examination findings" and cited "a pulmonary function test that indicates that [Mr. Fahringer's] COPD is improving." (Tr. 21, 252-413, 553-58, 630-33, 654-69, 686-97). Indeed, the ALJ noted that pulmonary function tests in March 2013 and June 2014 were normal, the latter of which "showed improved findings without lung volumes showing restrictive defect due to obesity." (Tr. 18, 691). In addition, the ALJ noted Mr. Fahringer's COPD Questionnaire, which further undercut the severity of his pulmonary symptoms and found that his "chest tightness, bronchitis, and coughing are seldom severe enough to interfere with his attention and concentration." (Tr. 20). Moreover, the ALJ noted the consultative examiners' determinations that "[Mr. Fahringer] could perform work at the medium exertional level," (Tr. 21, 1A), and "require[d] no additional environmental limitations," (Tr. 21, 18F). Regardless, the ALJ specifically restricted Mr. Fahringer's RFC to avoid "concentrated exposure to odors, dusts, gases, poor ventilation, and fumes" in order to accommodate his COPD symptoms. (Tr. 18, 21). Accordingly, the ALJ properly evaluated Dr. Aaron's opinion and supported her conclusion with substantial evidence. Remand on this basis is therefore unwarranted.

Mr. Fahringer also contends that the ALJ failed to consider the factors outlined in 20 C.F.R. § 404.1527(c)(1)-(6), when assigning weight to Dr. Aaron's opinion. Specifically, Mr. Fahringer contends that the ALJ failed to note "the fact that Dr. Aaron is a treating *specialist*." Pl. Mot. 8 (emphasis in original). The regulations require an ALJ to assess several factors when determining what weight to assign to the medical opinions presented. § 404.1527(c)(1)-(6). These factors include: the examining relationship between the physician and the claimant; the treatment relationship between the physician and the claimant; the consistency of a medical opinion with the record as a whole; the extent to which a medical opinion is supported by evidence; and, pertinent to this case, the specialization of the physician. *Id*. Upon review of the record, I find that the ALJ properly cited Dr. Aaron's specialization. Most significantly, the ALJ explicitly stated that Dr. Aaron was Mr. Fahringer's "pulmonologist," as opposed to his primary care physician or general practitioner. The ALJ also cited Dr. Aaron's treatment notes, "Physical

---

[4] Specifically, the ALJ assigned "little weight to the sitting, standing, walking, lifting, bending, squatting, crawling, and stooping limitations." (Tr. 20).

Capacities Evaluation Form," "Pain Questionnaire," "Fatigue Questionnaire," and "COPD Questionnaire," which denote Dr. Aaron's status as a pulmonary specialist. (Tr. 20-21), *see* (Tr. 597-629, 670-92). Moreover, although Mr. Fahringer does not contest the remaining factors under § 404.1527(c)(1)-(6), I note that the ALJ also adduced Dr. Aaron's opinion, noted his examining relationship with Mr. Fahringer, and found, as noted above, that Dr. Aaron's conclusions were inconsistent and unsupported by the record evidence. (Tr. 20-21). Considering the entirety of the ALJ's RFC analysis, I find that the ALJ properly applied the regulations in assigning weight to Dr. Aaron's opinion, and that her findings are supported by substantial evidence.

Second, Mr. Fahringer argues that the ALJ failed to properly evaluate his credibility. In particular, he believes the ALJ erred by failing to consider his work history when evaluating his credibility. Pl. Mot. 21. Although Mr. Fahringer correctly contends that an excellent work record may support a Plaintiff's credibility assessment, it is not the only or the determinative factor. Instead, "[i]n determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians…and any other relevant evidence in the case record." SSR 96-7P, 1996 WL 374186, at *1 (S.S.A. July 2, 1996). Although the ALJ noted that "[Mr. Fahringer's] testimony was generally credible," the ALJ found that his allegations and statements about his symptoms were unsupported or contradicted by the record evidence. Specifically, the ALJ found that "[Mr. Fahringer's] presentation during the hearing, as well as the medical evidence, suggests that he is not as limited as he alleges." (Tr. 19). For example, the ALJ noted that despite allegations of severe pain, Mr. Fahringer "ambulated normally into and out of the hearing room, got into and out his seat normally, and sat comfortably throughout the nearly hour-long hearing." *Id.* In addition, the ALJ observed that "he did not seem to be in pain or have any shortness of breath at any time during the hearing," "had a normal affect," and "no perceivable memory or concentration problems." *Id.* The ALJ also assessed Mr. Fahringer's credibility based on the medical record, including "mild objective back test findings, essentially normal physical examination findings," and "pulmonary function tests" indicating improved COPD. *Id.* Moreover, the consultative examiners' determination that Mr. Fahringer "can perform work at the medium exertional level," "can perform all postural activities frequently," and "requires no additional environmental limitations," further belies the severity of Mr. Fahringer's claims. (Tr. 21). The ALJ's detailed evaluation of the record evidence against Mr. Fahringer's statements regarding his pain and other symptoms amply supports the ALJ's conclusion that Mr. Fahringer's alleged limitations were not entirely credible. Thus, contrary to Mr. Fahringer's argument, the ALJ properly evaluated Mr. Fahringer's credibility, and supported her findings with substantial evidence.

Finally, Mr. Fahringer correctly contends that the ALJ erroneously assessed his RFC. Pl. Mot. 10-11. Specifically, he argues that the ALJ failed to address Mr. Fahringer's concentration deficiencies in his RFC assessment. *Id.* To support his assertion, Mr. Fahringer notes that "the ALJ gave great weight to Dr. Aaron's opinion that Plaintiff's pain and fatigue interferes with [his] ability to concentrate on job tasks," but "does not address, one way or the other, the effect…[it] has on his ability to work" in his RFC assessment. Pl. Mot. 10. I agree. Social

*Todd Fahringer v. Commissioner, Social Security Administration*
Civil No. SAG-15-3797
November 7, 2016

Security regulations require an ALJ to include "a narrative discussion of [the] claimant's symptoms and medical source opinions." *Thomas v. Comm'r, Soc. Sec.*, 2011 WL 6130605, at *4 (D. Md. Dec. 7, 2011). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), as amended (Dec. 13, 2000)).

Here, the ALJ failed to provide "an accurate and logical bridge" between Mr. Fahringer's limitation in concentration and the ALJ's RFC determination. Most significantly, the ALJ cited Mr. Fahringer's testimony that "he has problems with concentrating due to pain," (Tr. 17), and noted medical opinion evidence that his "pain interferes with his ability to concentrate on job tasks." (Tr. 20) (discussing Dr. Aaron's opinion), *see also* (Tr. 19) (discussing Dr. Hsu's opinion). The ALJ determined, however, that "the residual functional capacity accommodates [Mr. Fahringer's concentration] limitation by limiting [him] to no concentrated exposure to hazards." (Tr. 20), *see also* (Tr. 18-19) (limiting Mr. Fahringer to "no concentrated exposure to hazards (heights and moving machinery) to further accommodate…the effect that pain could have on his ability to concentrate around hazards."). The ALJ fails to explain how a limitation restricting Mr. Fahringer from "concentrated exposure to hazards" accounts for his issues in concentration. While the ALJ correctly limits Mr. Fahringer from heights and moving machinery considering the potential danger involved, such a restriction, alone, fails to address his underlying deficiencies in concentration, and the broad impact of those difficulties in the work setting. Accordingly, without further explanation, I am unable to ascertain how the ALJ assessed Mr. Fahringer's difficulties in concentration, and how those difficulties impacted the RFC assessment. In light of this inadequacy, I must remand the case to the Commissioner for further analysis. On remand, the ALJ should consider the impact of Mr. Fahringer's limitations on the RFC determination, and explain the reasons for that finding, citing substantial evidence.

For the reasons set forth herein, Mr. Fahringer's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 20) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge